**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**

**CIVIL ACTION NO. 11-433-C**

**LORI A. BLAIR,**                                                                                                   **PLAINTIFF,**

**V.**             **MEMORANDUM OPINION AND ORDER**

**THE PENSION COMMITTEE OF**
**JOHNSON & JOHNSON,**                                                                         **DEFENDANT.**

\* \* \* \* \* \* \* \* \* \*

This matter is before the court upon defendant's motion to dismiss for failure to state a claim (R. 7). For reasons discussed below, the motion will be granted.

Lori A. Blair worked as a warehouse operator at Johnson & Johnson ("J&J")'s facility in Fairdale, Kentucky, beginning in February 2008. She was a participant in J&J's Long Term Disability Income Plan ("LTD Plan"). In August 2008 she stopped working and began to receive disability benefits for abdominal and pelvic pain. J&J terminated her LTD benefits in November 2009 following a determination by an independent medical examiner that she was capable of returning to her job. Blair then exhausted the appeals process under the LTD Plan to no avail. She was alerted of J&J's Pension Committee's final determination by letter on April 13, 2010. The letter informed Blair of her right to pursue a civil action under the terms of Section 502 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1132. The letter also reminded Blair that

under the terms of the LTD plan, such an action must be brought within twelve months of the date of the letter.

On August 3, 2011, Blair filed the present action, alleging "interference with protected benefits" and "breach of fiduciary duty" and citing ERISA §502)(a)(3) as the enforcement mechanism that enabled such an action. Under §502(a)(3), "A civil action may be brought to enjoin any act or practice which violates any provision of this title or the terms of the plan, or to obtain other appropriate equitable relief to redress such violations or to enforce any provision of this title or the terms of the plan."

J&J seeks dismissal of this action for three reasons. First, J&J claims that the action is time-barred by the language of the LTD Plan, which requires that any action regarding the denial of her claim must be brought within twelve months of the final determination on administrative appeal. Second, J&J claims that under applicable case law, a plaintiff who has a claim under ERISA §502(a)(1)(B) may not seek relief under §502((a)(3). Finally, J&J claims that Blair seeks money damages in this action but that such damages are not recoverable under 502(a)3).

The LTD Plan provides: "Any lawsuit filed by or on behalf of a Participant regarding the denial of a claim . . . must not be commenced later than twelve months following the date of the notice of the final determination on appeal." R. 7-3 at 11. J&J claims that Blair's action does regard the denial of a claim. J&J argues that "but for the denial of her claim for LTD Plan benefits, Plaintiff would not purport to have any cause of action." R 7-1 at 3. On its face, Blair's

complaint alleges interference with protected benefits and breach of fiduciary duty. So, although this action was brought almost seventeen months after the final administrative review of Blair's claim, it is not barred by the LTD Plan's twelve-month limitation.

Section 502(a)(3) acts "as a safety net, offering appropriate equitable relief for injuries caused by violations that §502 does not elsewhere adequately remedy." *Varity Corp. v. Howe*, 516 U.S. 489, 512 (1996). In *Wilkins v. Baptist Healthcare* the Sixth Circuit cited *Varity* in rejecting an ERISA claimant's attempt to characterize a denial of benefits as a breach of fiduciary duty. 150 F.3d 609, 616 (1998).

In her complaint, Blair asserts that she "enjoyed a protected right to receive her benefits under the Plans without interference from the J&J Committee – or any entity acting on its behalf" and that "[t]he J&J Committee breached its fiduciary duty to Mr. Blair, both in failing to provide a full-and-fair review as well as by placing its financial interests ahead of her as a participant." R. 1, 12-13. Blair labels the first claim her "510 claim." But ERISA §510 (29 U.S.C. §1140) protects whistleblowers and prevents employers from terminating employees in order to prevent them from obtaining vested pension benefits:

> It shall be unlawful for any person to discharge, fine, suspend, expel, discipline, or discriminate against a participant or beneficiary for exercising any right to which he is entitled under the provisions of an employee benefit plan . . . , or for the purpose of interfering with the

>attainment of any right to which such participant may become entitled under the plan.

29 U.S.C. § 1140. All of the "interferences" that Blair accuses J&J of committing occur within the disability benefit claims review process. An overarching theme of Blair's complaint is that "[a] natural result of the J&J Committee's actions was that Ms. Blair was not provided a full and fair review of her claim." R. 1, ¶20.

Blair cites *Hill v. Blue Cross and Blue Shield of Mich.*, 409 F.3d 710 (6th Cir. 2005), and *Gore v. El Paso Energy Corp. Long Term Disability Plan,* 477 F.3d 833 (6th Cir. 2007), as evidence that the Sixth Circuit recognizes dual claims under §502(a)(3) and 502(a)(1)(B). But these cases do not discard the rule established in *Wilkins*. Rather, they apply the rule. The *Gore* court observed: "In each case where this circuit has found that a plaintiff's [§502](a)(3) claim of breach of fiduciary duty is merely a repackaged [§502](a)(1)(B) claim, the claims could have been brought under [§502](a)(1)(B)." *Gore*, 477 F.3d at 842. But Gore's breach-of-fiduciary-duty claim could not be brought under §502(a)(1)(B), because the defendant in that case did not control the disability claims process and was not responsible for the denial of benefits. In *Hill*, the court held that the plaintiff's (a)(3) claims were not merely repackaged (a)(1)(B) claims, because (a)(1)(B) did not provide adequate relief: The plaintiffs sought "plan-wide injunctive relief, not individual-benefit payments." *Hill*, 409 F.3d at 718. Unlike Hill, Blair is not seeking plan-wide injunctive relief. And unlike Gore, she is suing an entity that was responsible for the denial of her benefits.

Blair cites *The Fair v. Kohler Die & Specialty Co.* in asserting that "the party who brings a suit is master to decide what law he will rely upon." 228 U.S. 22, 25 (1913). Blair is indeed "master of her complaint", but she still must follow applicable law. The Sixth Circuit's holding that the applicability of 1132(a)(3) is "limited to beneficiaries who may not avail themselves of 1132's other remedies" still controls Blair's case. *Wilkins*, 150 F.3d at 615. Blair's claims could have been brought under §502(a)(1)(B), and therefore cannot be brought under (a)(3). This provides adequate grounds to grant J&J's motion for dismissal, so the court does not need to address J&J's third justification for dismissal – that Blair seeks money damages which are not allowed under 502(a)(3).

Accordingly,

**IT IS ORDERED** that J&J's motion for dismissal (R.7) is **GRANTED**.

**IT IS FURTHER ORDERED** that this matter is stricken from the court's active docket.

Signed on December 21, 2011

*Jennifer B. Coffman*
Jennifer B. Coffman, Judge
United States District Court